UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------x
ALEXANDER COTTO                        :    CIVIL ACTION NO.
    The Plaintiff                    :
vs.                                    :
                                       :
TOWN OF MIDDLETOWN POLICE DEPARTMENT,  :    TRIAL BY JURY
CHIEF PATRICK T. MCMAHON, in his individual and :
official capacity, OFFICER MICHAEL LUKANIK, in his :
individual and official capacity, OFFICER JOHN DOE #1 :
in his individual and official capacity, OFFICER JOHN :
DOE # 2, in his individual and official capacity, and :
OFFICER JOHN DOE #3, in his individual and official :
Capacity                               :
    The Defendants                   :    APRIL 12, 2010
---------------------------------------------------------------------x

## COMPLAINT

### INTRODUCTION:

1. The Plaintiff, Alexander Cotto, brings this civil action for violation of his rights secured and protected by the Civil Rights Act of 1871 (U.S.C. § 1983), the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8, and 9 of the Connecticut Constitution, violation of his civil rights and race/national origin discrimination and harassment, and violation of the laws of the State of Connecticut, for which he seeks compensatory and punitive damages, declaratory and injunctive relief, as well as attorneys fees and costs.

### PARTIES AND JURISDICTION:

2. The Plaintiff, Alexander Cotto (hereinafter referred to as "Plaintiff"), was and is a resident of the Town of Middletown, State of Connecticut.

3. Upon information and belief, the Defendant Town of Middletown, is and was at all times relevant hereto a municipal corporation, incorporated and existing under the laws of the State of Connecticut, and was and is the employer of the defendants.

4. Upon information and belief, the defendant chief Patrick T. McMahon, is and was at all times hereto the Chief of the town of Middletown Police Department, and the final policymaker in the area of law enforcement, he is being named in his individual and official capacity, and was and is at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Middletown Police Department.

5. Upon information and belief, the defendant Officer Michael Lukanik, is and was at all times relevant hereto a police officer with the Town of Middletown Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Middletown Police Department.

6. Upon information and belief, the defendant Office John Doe #1 is and was at all times relevant hereto a police officer with the Town of Middletown Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Middletown Police Department.

7. Upon information and belief, the defendant Office John Doe #2 is and was at all times relevant hereto a police officer with the Town of Middletown Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the

color of law during the course of and within the scope of his employment with the Town of Middletown Police Department.

8. Upon information and belief, the defendant Office John Doe #3 is and was at all times relevant hereto a police officer with the Town of Middletown Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Middletown Police Department.

9. Jurisdiction in this matter is invoked under 28 U.S.C § 1331, in that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

10. This Court has supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

**VENUE:**

11. Venue in the District of Connecticut is proper in accordance with 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTS:**

12. During all times herein mentioned, the defendants and each of them separately and in concert, acted under color of law, to wit, under color of statutes, ordinances, regulations, customs and usages of the State of Connecticut and/or the Town of Middletown.

13. Each of the defendants, separately and in concert, engaged in the illegal conduct herein mentioned to the injury of the plaintiff and deprived the plaintiff of the rights, privileges and

immunities secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution 42 U.S.C. §1983, and by the laws and statutes of the State of Connecticut.

14. On or about Tuesday, January 12, 2010, at approximately 10:00pm, the Plaintiff was operating his motor vehicle on Main Street in the town of Middletown, state of Connecticut.

15. The plaintiff, a non-English speaking citizen, was pulled over on the corner of Green Street and Main Street by officer Lukanik and Office John Doe. Defendant Officer Lukanik approached said motor vehicle and asked the plaintiff for his identification. Plaintiff provided Officer Lukanik with said identification.

16. Officer Lukanik then asked plaintiff further questions, to which the plaintiff responded "me no English" and that he did not understand the questions posed by Officer Lukanik. Officer Lukanik then in a laughing and mocking manner stated "no English? ... You know English" and required that the plaintiff get out of his car. Thereafter, the plaintiff was taken out of his vehicle and put into handcuffs.

17. Thereafter, Officer Lukanik utilized a drug sniffing dog to perform a search around the plaintiff's car, and searched inside the plaintiff's car as well. The dog did not find any illegal substances or alert to the presence of drugs. Officer Lukanik then placed the dog back into his cruiser.

18. After the dog was placed back in the cruiser, Officer Lukanik required that the plaintiff put his hands on the top of the car and spread his legs. As the plaintiff stood in the middle of the roadway on the corner of Green Street and Main Street in Middletown, Connecticut, Officer Lukanik pulled down the plaintiff's paints and trousers in the middle of the road in open view so that his genitalia was exposed for the public's view.

19. Officer Lukanik, without the plaintiff's consent or authorization, proceeded to perform a full cavity search on the plaintiff and place two of his fingers up the plaintiff's rectum. After the first attempt Officer Lukanik did not find anything. Thereafter, Officer Lukanik for a second time placed two of his fingers up the plaintiff's rectum out in the open on the corner of Main Street and Green Street in the Town of Middletown. While performing the cavity search, upon information and belief, Officer Lukanik did not wear protective gloves, and performed the search skin on skin. Officer Lukanik did not find anything in his search of the plaintiff, his car or his rectum.

20. At the time that defendant Officer Lukanik performed the cavity search in the plaintiff's rectum, he and his fellow officers, John Doe #1, #2 and #3, made comments and laughed at the plaintiff.

21. While placed in handcuffs with his hands on the top of the cop cruiser, Plaintiff was retrained in his liberty, threatened, and physically assaulted, causing personal injuries to the plaintiff including abrasions and bleeding to his rectum, and severe emotional distress, humiliation and embarrassment.

22. The plaintiff was not arrested and Defendant Officer Liskanik provided plaintiff with, upon information and belief, for failure to show insurance card, operating motor vehicle without a valid license, broken headlights.

**FIRST COUNT:** **(Defendant Officers—42 U.S.C. § 1983 / Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8 and 9 of the Connecticut Constitution)**

1-22. Paragraphs One through Twenty Two above are hereby incorporated and re-alleged as paragraphs 1 through 22 of this First Count as if fully restated herein.

23. The defendants, separately and in concert, engaged in the illegal conduct mentioned above to the injury of the plaintiff and deprived the plaintiff of the rights, privileges and immunities secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and by the laws and statutes of the State of Connecticut.

24. The Defendant Officers violated the Plaintiff's rights secured and protected by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8 and 9 of the Connecticut Constitution, in one or more of the following ways:

   a. In stopping, detaining, searching and seizing the Plaintiff without reasonable suspicion, probable cause, a warrant, and/or exigent circumstances;
   b. In searching the plaintiff in an unreasonable manner;
   c. In using unreasonable, unjustified and excessive force upon the Plaintiff;
   d. In that the defendant officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the plaintiff from the unlawful acts of the other officers;
   e. In that the defendant officers detained and searched the plaintiff under circumstances that were not clearly warranted by the law;
   f. In that the defendants used cruel and unusual punishment on the plaintiff;
   g. In that the defendants caused unjust and unwarranted physical abuse, intimidation and humiliation on the plaintiff;
   h. In that the defendants unjustly deprived the plaintiff of rights without due process of law;
   i. In that the defendants unjustly denied the plaintiff the enjoyment of life, liberty and property, and the equal protection of the law;
   j. In that the defendants actions were reckless.

25. As a direct and proximate result of the conduct of the defendant officers, the plaintiff has suffered significant personal injuries, as well as emotional injuries, and shock to his

entire system, some of which injuries are permanent in nature, including but not limited to the following:

      a. Rectal abrasions;

      b. Difficulties walking;

      c. Decreased sex drive;

      d. Severe emotional and psychological injuries;

      e. Sleepless nights and nightmares;

      f. Anxiety.

26. As a further result of aforementioned conduct of the defendant officers, Plaintiff has suffered physical injury requiring medical treatment.

27. As a further result of the aforementioned conduct of the defendant officers, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

28. As a further result of the aforementioned conduct of the defendants, the plaintiff has suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

29. As a further result of the aforementioned conduct of the defendant officers, Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**SECOND COUNT: (Defendant Officers—Assault and Battery)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Second Count as if fully stated herein.

23. Defendant officers' conduct constituted an intentional assault and battery on the plaintiff.


entire system, some of which injuries are permanent in nature, including but not limited to the following:

    a. Rectal abrasions;
    b. Difficulties walking;
    c. Decreased sex drive;
    d. Severe emotional and psychological injuries;
    e. Sleepless nights and nightmares;
    f. Anxiety.

26. As a further result of aforementioned conduct of the defendant officers, Plaintiff has suffered physical injury requiring medical treatment.

27. As a further result of the aforementioned conduct of the defendant officers, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

28. As a further result of the aforementioned conduct of the defendants, the plaintiff has suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

29. As a further result of the aforementioned conduct of the defendant officers, Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**SECOND COUNT:  (Defendant Officers—Assault and Battery)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Second Count as if fully stated herein.

23. Defendant officers' conduct constituted an intentional assault and battery on the plaintiff.

24. Defendant officers' knew or should have known through the use of reasonable care that that their intentional conduct constituted an assault and battery on the plaintiff.

25. The intentional, reckless, wanton, and/or malicious conduct of the officers caused damages to the plaintiff including but not limited to physical injuries, emotional distress, anxiety and/or depression.

26. The Defendant officers' intentional, reckless, wanton and/or malicious behavior caused the plaintiff to suffer damages, injuries and losses, one or all of which may be permanent in nature, as follows:

  a. Rectal abrasions;
  b. Difficulties walking;
  c. Decreased sex drive;
  d. Severe emotional and psychological injuries;
  e. Sleepless nights and nightmares;
  f. Anxiety.

27. The conduct of the defendant officers caused plaintiff to suffer physical injuries as well as metal and emotional pain, financial loss, and caused the plaintiff to expend attorney's fees in order to vindicate the rights to which he is entitled.

**THIRD COUNT: (Defendant Officers – Negligence)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Third Count as if fully stated herein.

23. The incident and the plaintiff's injuries, losses and damages were caused by the negligence and carelessness of the defendant officers in one or more of the following ways, in that:

a. In stopping, detaining, searching and seizing the Plaintiff without reasonable suspicion, probable cause, a warrant, and/or exigent circumstances;
b. In searching the plaintiff in an unreasonable manner;
c. In using unreasonable, unjustified and excessive force upon the Plaintiff;
d. In that the defendant officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the plaintiff from the unlawful acts of the other officers;
e. In that the defendant officers detained and searched the plaintiff under circumstances that were not clearly warranted by the law;
f. In that the defendants used cruel and unusual punishment on the plaintiff;
g. In that the defendants caused unjust and unwarranted physical abuse, intimidation and humiliation on the plaintiff;
h. In that the defendants unjustly deprived the plaintiff of rights without due process of law;
i. In that the defendants unjustly denied the plaintiff the enjoyment of life, liberty and property, and the equal protection of the law;
j. In that the defendants actions were reckless;
k. In that the defendants either knew, or in the exercise of reasonable care, or should have known, that their actions would cause injuries to the plaintiff, including physical, emotional and psychological injuries;
l. in that one or more of the defendant officers were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate plaintiff's rights;

24. As a result of said incident, the plaintiff was forced to suffer the following injuries, some or all of which may be permanent in nature, as follows:

   a. Rectal abrasions;
   b. Difficulties walking;
   c. Decreased sex drive;
   d. Severe emotional and psychological injuries;
   e. Sleepless nights and nightmares;
   f. Anxiety.

25. As a result of the incident, the negligence of the defendants and the resulting injuries, the plaintiff has incurred and will continue to incur into the future significant pain and suffering.

26. As a result of the incident, the negligence of the defendants and the resulting injuries, the plaintiff has incurred and will incur in the future considerable medical expenses, including but not limited to surgery, pharmaceutical supplies, physical therapy, prescriptions and necessary hospital and medical treatment.

27. As a result of the incident, the negligence of the defendants and the resulting injuries, the plaintiff suffers from the fear and anxiety that future medical complications may occur arising out of this accident.

28. As a result of the incident, the negligence of the defendants and the resulting injuries, the plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

29. As a result of the incident, the negligence of the defendants and the resulting injuries, the Plaintiff suffers from the fear and anxiety that future medical complications and medical treatment, including surgery, shall occur arising out of this accident.

**FORTH COUNT: (Defendant Officers – False Arrest/Imprisonment)**

1-22.   Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Forth Count as if fully stated herein.

23.   Defendant officers unlawfully restrained the physical liberty of the plaintiff against the plaintiff's will and/or without the plaintiff's consent.

24.   As a result of the unlawful restraint of the plaintiff, the plaintiff was forced to suffer the following injuries, some or all of which may be permanent in nature, as follows:

   a.   Rectal abrasions;
   b.   Difficulties walking;
   c.   Decreased sex drive;
   d.   Severe emotional and psychological injuries;
   e.   Sleepless nights and nightmares;
   f.   Anxiety.

25.   As a further result of the defendants conduct, the plaintiff has suffered physical injuries, some of which are permanent in nature, as well as emotional distress, and shock to his entire system.

26.   As a further result of the defendants conduct, Plaintiff has suffered severe physical injury requiring medical treatment.

27.   As a further result of the defendants conduct, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**FIFTH COUNT: (Defendant Officers – Intentional Infliction of Emotional Distress)**

1-22.   Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Fifth Count as if fully stated herein.

23.   The actions of the Defendant officers were extreme and outrageous.

24. The Defendant officers intended to inflict emotional distress upon the Plaintiff and knew, or in the exercise of reasonable care, should have known, that emotional distress was the likely result of the aforementioned conduct.

25. As a result of the aforementioned conduct of the Defendant officers, the Plaintiff has suffered severe emotional distress and loss of income.

26. As a further result of aforementioned conduct of the Defendant officers, the Plaintiff has suffered, and will continue to suffer in the future, severe emotional and psychological pain and suffering.

27. As a further result of aforementioned conduct of the Defendant officers, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**SIXTH COUNT: (Defendant Officers – Negligent Infliction of Emotional Distress)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Sixth Count as if fully stated herein.

23. The actions of the Defendant officers were extreme and outrageous.

24. The Defendant officers were negligent in their actions and they either knew, or in the exercise of reasonable care, should have known, that emotional distress was the likely result of the aforementioned conduct.

25. As a result of the aforementioned conduct of the Defendant officers, the Plaintiff has suffered severe emotional distress and loss of income.

26. As a further result of aforementioned conduct of the Defendant officers, the Plaintiff has suffered, and will continue to suffer in the future, severe emotional and psychological pain and suffering.

27. As a further result of aforementioned conduct of the Defendant officers, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**SEVENTH COUNT: (Defendant Officers – Reckless and Wanton Misconduct)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Seventh Count as if fully stated herein.

23. The defendant officers recklessly and wantonly assaulted the plaintiff by openly pulling down the plaintiff's paints and trousers in the middle of the road in open view so that his genitalia was exposed for the public's view, and proceeding to perform a full cavity search on the plaintiff and place two of his fingers up the plaintiff's rectum.

24. As a result of the defendant officer's reckless and wanton misconduct, the plaintiff was forced to suffer the following injuries, some or all of which may be permanent in nature, as follows:

  a. Rectal abrasions;
  b. Difficulties walking;
  c. Decreased sex drive;
  d. Severe emotional and psychological injuries;
  e. Sleepless nights and nightmares;
  f. Anxiety.

25. As a further result of the defendants conduct, the plaintiff has suffered physical injuries, some of which are permanent in nature, as well as emotional distress, and shock to his entire system.

26. As a further result of the defendants conduct, Plaintiff has suffered severe physical injury requiring medical treatment.

27. As a further result of the defendants conduct, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**EIGHTH COUNT:   (Defendant Officers – Invasion of Privacy)**

1-22. Plaintiff repeats and re-alleges paragraphs 1 through 22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Eighth Count as if fully stated herein.

23. The defendant officers conduct of openly pulling down the plaintiff's paints and trousers in the middle of the road in open view so that his genitalia was exposed for the public's view, and proceeding to perform a full cavity search on the plaintiff and place two of his fingers up the plaintiff's rectum, constituted an invasion of privacy and an intrusion of the plaintiff.

24. As a result of the defendant officers' invasion and intrusion of the plaintiff's privacy, the plaintiff was forced to suffer the following injuries, some or all of which may be permanent in nature, as follows:

   a. Rectal abrasions;
   b. Difficulties walking;
   c. Decreased sex drive;
   d. Severe emotional and psychological injuries;
   e. Sleepless nights and nightmares;
   f. Anxiety.

25. As a further result of the defendants conduct, the plaintiff has suffered physical injuries, some of which are permanent in nature, as well as emotional distress, and shock to his entire system.

26. As a further result of the defendants conduct, Plaintiff has suffered severe physical injury requiring medical treatment.

27. As a further result of the defendants conduct, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**NINTH COUNT:** (Town of Middletown and Chief Patrick T. McMahon –42 U.S.C. § 1983 / Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8 and 9 of the Connecticut Constitution)

1-22. Plaintiff repeats and re-alleges paragraphs 1-22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Ninth Count as if fully stated herein.

23. At all times relevant hereto, the Town of Middletown was acting by and through Chief Patrick T. McMahon, who is the final policy maker in the area of law enforcement, and had in effect actual and/or defacto policies, practices, and customs.

24. These actual and/or defacto policies, practices and customs include, but are not limited to the following:

  a. the failure to properly screen, discipline, transfer, counsel, and/or otherwise control police officers engaged in the law of search and seizure; the law of using unreasonable, unjustified, and excessive force; and duty to intervene to protect and secure individual civil rights; and/or

  b. the failure to properly train and supervise police officers in the law of using unreasonable, unjustified, and excessive force; and the duty to intervene to protect and secure individual civil rights;

25. These actual and/or de facto policies, practices, and customs constitutive a deliberate indifference to the rights of the citizens and residents of the Town of Middletown and the State of Connecticut, and were a moving force behind the Defendant Officers' constitutional violations.

26. As a direct and proximate result of the conduct the Town of Middletown, and Chief Patrick T. McMahon, the Plaintiff has suffered personal injuries, as well as severe emotional distress, and shock to his entire system, some of which injuries are permanent in nature.

27. As a further result of aforementioned conduct of the defendant, Plaintiff has suffered physical injury requiring medical treatment.

28. As a further result of the aforementioned conduct of the defendant, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

29. As a further result of the aforementioned conduct of the defendant, Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**TENTH COUNT:** (Town of Middletown - Conn. Gen. Stat. § 52-557n; Conn. Gen. Stat. § 7-465)

1-22. Plaintiff repeats and re-alleges paragraphs 1-22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Tenth Count as if fully stated herein.

23. The Town of Middletown is liable to the Plaintiff in accordance with one or more of the following statutes:

    a. Conn. Gen. Stat. § 52-557n in that a municipal employee(s) negligence caused damage to the Plaintiff, who was at all times relevant hereto an identifiable victim that was subjected to immanent harm; and/or

   b. Conn Gen. Stat. § 7-465 in that the municipality is required to indemnify municipal employee(s) who cause physical injury and/or violate an individuals civil rights.

24. As a direct and proximate result of the conduct of the municipal employees of the Town of Middletown, the Plaintiff has suffered personal injuries, as well as severe emotional injuries and emotional distress, and shock to his entire system, some of which injuries are permanent in nature.

25. As a further result of aforementioned conduct of the defendant, Plaintiff has suffered physical injury requiring medical treatment.

26. As a further result of the aforementioned conduct of the defendant, Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

27. As a further result of the aforementioned conduct of the defendant, Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. A trial by a jury of his peers;
2. Punitive damages;
3. Compensatory damages;
4. Attorneys fees and costs;
5. Injunctive relief;
6. Any and all other equitable relief in accordance with the claims of the plaintiff, as the Court deems appropriate.

THE PLAINTIFF,
ALEXANDER COTTO

By_____
Angelo Cicchiello (ct27118)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Ph: (860) 296-3457
Fax: (860) 296-0676
*angelo@cicchielloesq.com*